IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Respondent, | * |
| vs. | * No. 4:10CR00032-001   SWW |
| TONY ROBINSON, | * |
| Petitioner. | * |

**Memorandum Opinion and Order**

On February 2, 2010, petitioner Tony Robinson was charged in a one-count indictment of being a felon in possession of a firearm. The incident upon which the indictment was based happened on September 26, 2009. The indictment was sealed until April 12, 2010, the date petitioner was arrested, made an initial appearance, and pleaded not guilty. On September 3, 2010, petitioner filed a motion to suppress and a motion to bar prosecution which the Court denied. After a bench trial on January 31, 2011, the Court found petitioner guilty, and on July 6, 2011, the Court sentenced petitioner to 235 months imprisonment.

Petitioner appealed his conviction, arguing that the handgun found in the car he was driving should have been suppressed. The Eighth Circuit held the stop and seizure was lawful and affirmed petitioner's conviction. Now before the Court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government responded in opposition to the motion. For the reasons that follow, the Court finds that the motion should be denied.

## Background

In the early morning hours of September 26, 2009, petitioner was put out of a night club called "Elevations" because he allegedly had an altercation with another person inside the club. Mr. Edward Reed, also known as "Jay," testified he was working as a security guard on the club's parking lot, and he observed petitioner get into his car and then drive back up to the club. That is when Reed saw a gun in petitioner's lap. He testified he helped petitioner's inebriated friend, Leslie Dillard, into the passenger seat of the car. Mr. Reed said he then alerted Alicia Smith, a Little Rock Police officer who was working off duty at Elevations, that petitioner had a gun. Officer Smith and two other police officers followed petitioner's car from the parking lot and stopped him because of the information about a gun. Officer Smith asked petitioner if he had a gun and when he replied there was no gun, the officers removed petitioner from the car and placed him into the patrol car while they checked for warrants. They patted down Dillard who then was secured by Sergeant Brown. When the officers determined there was a warrant and that petitioner would be arrested, Smith walked back to the vehicle to do an inventory search. When she opened completely the partially opened driver's side door, Smith saw the butt of a firearm on the driver's side floorboard. She retrieved the pistol identified in the indictment. Mr. Dillard was released at the scene.

Petitioner filed a motion to suppress evidence of the handgun, arguing the officers had no reasonable suspicion or probable cause to believe petitioner had been involved in criminal activity. He also filed a motion to bar prosecution, arguing that his indictment violated the Double Jeopardy Clause and Due Process Clause of the United States Constitution because on February 18, 2010, when his federal indictment was under seal, he pleaded guilty to domestic

battery in the third degree, one of three counts of an information which included a charge of possession of a firearm on September 26, 2009. The state sentenced him to 36 months probation on the domestic battery count and *nolle prossed* the other two counts. As stated previously, the Court denied the motion to suppress and motion to bar prosecution. Petitioner proceeded to trial and the Court found him guilty. His appeal was unsuccessful.

## Discussion

As grounds for relief under § 2255, petitioner argues his counsel was ineffective because he: (1) failed to subpoena Lawrence Pettus, the head security guard at the club, and Pettus's written statement which would have shown petitioner did not have a weapon; (2) failed to subpoena records from the state court proceeding to show he had entered a negotiated plea for the same firearm; (3) failed to argue the *Petite* policy on his behalf; (4) failed to subpoena information about the arrest records and payments received by witnesses Reed and Dillard and whether they were informants on the night of the arrest; (5) failed to subpoena the club owner to prove petitioner was not in an altercation or expelled from the club; (6) failed to impeach the arresting officer for perjury and falsifying a police report which she signed but did not write; (7) failed to argue that the inventory search was not performed according to police department procedures; (8) failed to investigate witnesses prior to trial and did not vigorously cross-examine them at trial; (9) failed to argue the stop was not permissible and thereby waived the argument on appeal; (10) failed to argue the police officer's report was hearsay; and (11) failed to argue his prior convictions should not have been used to enhance his sentence because he successfully completed parole for the prior convictions on May 26, 1995.

Petitioner also alleges his due process rights were violated by pre-indictment delay and by the prosecutor not informing defense counsel of the criminal histories and aliases of Reed and Dillard. Finally, he asserts the government violated the Speedy Trial Act by not indicting him within thirty days of his arrest on September 26, 2009.

**A. Ineffective Assistance of Counsel**

To establish that he was deprived of effective assistance of counsel, petitioner must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court need not address both components if the petitioner makes an insufficient showing on one of the prongs. *Id.* at 697. When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. It "focuses on the question whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993). A reasonable probability is a probability sufficient to undermine confidence in

the outcome. *Strickland*, 466 U.S. at 694. Where a petitioner would have lost on a motion or objection had it been made, he was not prejudiced for the failure to file. *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994).

1.      Petitioner complains that his counsel failed to call Lawrence Pettus, the head security guard at Elevations, and failed to submit a written statement from Pettus which petitioner argues would prove he did not have a weapon on the club premises. "The decision not to call a witness is a virtually unchallengeable decision of trial strategy . . . ." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005(internal quotations and citations omitted). Petitioner fails to overcome the presumption that his counsel's decision not to call Pettus was reasonable trial strategy. As to the statement he says should have been introduced, petitioner submits a typed letter dated September 30, 2010, purportedly signed by Pettus, which says in pertinent part: "I, Lawrence Pettus head of security for Elevation[s] do not know of any incident where Toney Robinson was involved with a weapon while he was on the premises of Elevation[s] in Little Rock, Arkansas." [1]

Assuming it is legitimate and even though it does not appear in the form of a sworn affidavit, the letter only shows that as of September 30, 2010, Pettus was not aware of any incident in which petitioner was involved with a weapon at the club. Mr. Pettus is only one employee and the statement does not reflect whether Pettus was with petitioner on the night of September 26, 2009, or how Pettus would have any direct knowledge as to whether petitioner possessed or was involved with a weapon on that night. The Court finds petitioner fails to show his counsel was deficient or that there is a reasonable probability that but for counsel's failure to call Pettus, the outcome of the trial would have been different.

---

[1] Pet'r's §2255 Mot. [doc. no. 64], Ex. B.

2.  Petitioner complains that his counsel, who represented him at both the state and federal levels, did not subpoena the records from the state court proceedings that would show he negotiated a plea for the same firearm. In denying the motion to bar prosecution on the ground of double jeopardy, the Court found that double jeopardy did not attach to the state court proceedings, that the state prosecutor could not bind the federal government, and that the United States had no obligation to disclose a sealed indictment or its investigation. Therefore, the Court finds defense counsel's actions were objectively reasonable.

As to prejudice, petitioner has not established that the outcome would have been different had his counsel obtained copies of all the documents from the state court proceeding. Possession of the documents would not have changed the outcome of the motion to bar prosecution. Even if the state had agreed not to pursue the weapons charge, it cannot bind the federal authorities. *See United States v. Sparks*, 87 F.3d 276, 278-79 (9th Cir. 1996)(jeopardy never attached where state dismissed similar charges against defendant; state's agreement not to prosecute not binding on federal authorities). Petitioner makes no allegation that he was promised that federal charges would not be pursued or that any person with authority to make such an agreement on behalf of the United States participated in the negotiation of his state plea.

3.  Petitioner complains that his attorney was ineffective because he did not argue for the application of an internal policy of the Department of Justice which states that a federal prosecution should not be based on substantially the same acts as were the basis for a prior state prosecution unless there is a compelling federal interest. *United States v. Larsen*, 427 F.3d 1091, 1094 (8th Cir. 2005). The government responds that it did not act contrary to the *Petite* policy because the felon in possession of a firearm charge was *nolle prossed* in the state court

proceedings prior to jeopardy attaching and no adjudication on the merits occurred. Furthermore, the domestic battery charge to which petitioner pleaded guilty occurred on or about February 13, 2009, while the felon in possession charge arose from petitioner's actions on September 26, 2009. More importantly, even if a violation had occurred, the *Petite* policy "confers no substantive rights on a criminal defendant, and thus [petitioner] could obtain no relief based on it even if the government had acted contrary to it here." *Id.*

The Court finds the issue of the *Petite* policy has no merit and, therefore, petitioner's counsel was not ineffective for failing to argue the point.

4. Petitioner argues his counsel should have subpoenaed information about the arrest records of and payments received by witnesses Edward Reed and Leslie Dillard and whether they were acting as informants on the night of the arrest. The government responds that it disclosed the criminal history of Dillard to defense counsel and also complied with its obligations as to Reed. The Court discussed their criminal histories when ruling pre-trial on the admissibility of those convictions.[2] The government states neither of the witnesses were acting as informants on the night of petitioner's arrest, and no payments were made to either except for the standard witness fee paid to Reed.

Because it appears the appropriate disclosures were made, the Court finds defense counsel's failure to subpoena the arrest records was objectively reasonable and petitioner was not prejudiced.

5. Petitioner complains his counsel was ineffective because he did not subpoena the club owner as a witness. He says the owner could have proved that petitioner was not in an altercation

---

[2]Tr. at 17-19 (docket entry 50).

and was not expelled from the club. As previously stated, the decision not to call a witness constitutes trial strategy and there is a strong presumption that such a decision was reasonable. Petitioner gives no basis for his assertion that the club owner would have proven that petitioner was not involved in an altercation or thrown out of the club, and even so, such testimony would not demonstrate petitioner's innocence as Reed testified he saw petitioner in possession of the gun at issue. The Court finds petitioner fails to establish counsel was ineffective.

6. Petitioner asserts Alicia Smith, the arresting officer, signed a police report that she did not write and that his attorney should have impeached her for perjury and falsifying a police report. Officer Smith testified that she prepared a report about petitioner's arrest on the night of September 26, 2009.[3] The Court finds nothing in the record to support his assertions of perjury and falsification against Smith and petitioner fails to establish his counsel could have impeached her on the issues he raises. Petitioner fails to show ineffective assistance of counsel.

7. Petitioner claims that the inventory search of his car was not done according to police department procedure and Smith did not have the right to search the vehicle because she was off-duty acting as a security guard for the club. He asserts his counsel was ineffective for not raising these issues.

Arkansas Rule of Criminal Procedure 12.6(b) provides that "[a] vehicle impounded in consequence of an arrest, or retained in official custody for other good cause, may be searched at such times and to such extent as is reasonably necessary for safekeeping of the vehicle and its contents." The record reflects the car was impounded after petitioner was arrested; the only other

---

[3]Tr. at 54-57 (docket entry 50).

passenger in the vehicle was intoxicated. Petitioner fails to show any violation of policy regarding the impoundment of the vehicle or suggest an alternative to impounding the vehicle.

As to petitioner's complaint that Smith did not have the right to search his vehicle because she was off-duty, the Arkansas Supreme Court has held that "[t]here is nothing in any of our statutes to restrict the right of a policeman to make an arrest at any particular time of the day, week, month or year or to limit his duty to do so to the hours designated for his regular work shift." *Meyers v. State*, 484 S.W.2d 334, 339 (Ark. 1972). Police officers are "in a sense, on duty 24 hours a day, seven days a week and [are] not relieved of [their] obligation to preserve the peace while 'off duty.'" *Id.* Because petitioner's proposed challenges to the officers' conduct are meritless, he cannot establish deficient performance by his counsel or prejudice.

8.  Petitioner complains his counsel was ineffective because he did not investigate the witnesses prior to trial and did not vigorously cross-examine them. Petitioner does not identify the witnesses which he contends should have been investigated nor does he say which witnesses were not cross-examined to his liking. Cross-examination techniques are a matter of trial strategy and are left to the professional discretion of counsel. *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011). Petitioner offers nothing to overcome the strong presumption of reasonableness afforded to an attorney's trial strategy decisions and fails to establish what potential witnesses would have testified to at trial and how their testimony would have changed the outcome of the trial. *See Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994)(petitioner must show uncalled witnesses would have testified at trial and their testimony would have probably changed the outcome). Petitioner's general allegations fail to support a finding that counsel was ineffective.

9. Petitioner asserts his counsel failed to argue at his trial and sentencing the lawfulness of the vehicle stop and thereby waived the issue on appeal. The record reflects counsel filed a motion to suppress in which he challenged the constitutionality of the stop.[4] The Court denied the motion and reiterated the ruling after Smith testified at the trial.[5] The Eighth Circuit considered whether the stop was permissible on appeal. The Court finds petitioner cannot establish that defense counsel was ineffective as to this issue.

10. Petitioner argues his counsel was ineffective because he did not argue the arresting officer's report was hearsay. The record reflects that the report itself was not offered as an exhibit. The defense used the report to impeach the testimony of Smith as to the order of the events of the evening. Because defense counsel used the report in order to impeach the testimony of the government's witness, it would not be in petitioner's best interest to assert the contents of the report were hearsay. Petitioner fails to show how admission of Smith's statements for impeachment purposes prejudiced him.

11. Petitioner claims counsel was ineffective because he failed to argue that prior convictions for which petitioner had successfully completed parole should not be used to enhance his sentence under the Armed Career Criminal Act. Petitioner cites no authority in support of his argument and the Court is unaware of any Eighth Circuit case which addresses this particular issue. The Eighth Circuit has held that a conviction upon which the defendant received only a probationary sentence may be counted as a prior violent felony conviction for purposes of the application of the Armed Career Criminal Act. Title 18 United States Code Section 921(a)(20) provides:

---

[4]*See* docket entry 15.

[5]*See* docket entries 19 and 50 (Transcript) at 21, 60-61.

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Petitioner's prior convictions were not nullified by his successful completion of parole. He makes no claim that his civil rights were restored, he was pardoned, or that his convictions were expunged. Thus, petitioner's argument is without merit, and his counsel cannot be found to be deficient for having failed to make a frivolous argument.

### B. Due Process

Petitioner argues the government violated his right to due process by delaying his indictment and by failing to disclose information about witnesses. Petitioner failed to raise these issues on direct appeal. Defaulted claims "may be raised in habeas only if the defendant can first demonstrate either cause or actual prejudice, or that he is actually innocent." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005)(internal citation omitted). Petitioner fails to show cause or actual prejudice or that he is actually innocent.

"Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default." *Id*. at 545. Thus, to proceed on his due process claim, petitioner must establish deficient performance and prejudice. *Id.* Petitioner's counsel filed a pre-trial motion to bar prosecution, asserting in part, unreasonable pre-indictment delay. The Court denied the motion, finding in part there was no due process violation. The Court finds counsel was not ineffective for failing to raise the issue on appeal. As explained in a previous order, the indictment was filed approximately one and one-half months after the file regarding petitioner's

11

offense was submitted to the federal government for review, and more than two weeks prior to the date petitioner entered into a negotiated plea. There is no evidence that any pre-indictment delay "resulted in actual and substantial prejudice to the presentation of his defense [and that ] the government intentionally delayed the indictment either to gain a tactical advantage or to harass him." *United States v. Skinner*, 433 F.3d 613, 616 (8th Cir. 2006).

In addition, the Court finds petitioner cannot show ineffective assistance of counsel as to the government's disclosures because the government made the required disclosures. As discussed previously, the criminal histories of Dillard and Reed were discussed prior to trial when defendant obtained a ruling as to the admissibility of any prior convictions of the witnesses. As to petitioner's assertion that a "key witness" was under the influence of drugs on the night of September 26, 2009, Reed testified he was not using drugs that night. He admitted he had used drugs on New Year's Eve, and this information was disclosed to petitioner's counsel and brought out at trial by the government. During his direct examination, Dillard admitted he was intoxicated on the night of September 26, 2009. According to the government, there were no witness cooperation agreements with Reed or Dillard. The Court finds petitioner fails to establish any due process violations.

### C. Speedy Trial Act Claim

Petitioner argues the government violated the Speedy Trial Act by failing to indict him within thirty days of his arrest. The Act, 18 U.S.C. § 3161(b), "requires that the arrest which begins the thirty-day period be 'in connection with' the charges on which the indictment or information is filed. Only a federal arrest, not a state arrest, triggers § 1361(b)." *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992). "It is an 'undisputed rule that a *state* arrest does not

12

trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense.'" *Id*. (internal citations omitted; emphasis in original). Here, the federal arrest warrant was not executed until April 12, 2010, at which time petitioner already had been indicted. Thus, there was no violation of the Speedy Trial Act. Further, petitioner failed to raise this issue on direct appeal, and he cannot show either cause or prejudice, or that he is actually innocent.

## Conclusion

Because petitioner fails to establish both the deficiency and prejudice prongs of the *Strickland* test, his ineffective assistance of counsel claims fail. He has procedurally defaulted his due process and Speedy Trial Act claims and, alternatively, those claims fail on their merits.

IT IS THEREFORE ORDERED that petitioner's motion for relief under 28 U.S.C. § 2255 [docket entry 64] is denied.

DATED this 24th day of January, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE