IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:10CR00032-001 SWW |
| | * | |
| TONY ROBINSON | * | |
| | * | |

**Opinion and Order**

Tony Robinson was convicted of being a felon in possession of a firearm and was sentenced to two hundred and thirty-five months in prison. He appealed his conviction and the Eighth Circuit affirmed. *United States v. Robinson*, 670 F.3d 874 (8th Cir. 2012). He petitioned for habeas relief pursuant to 28 U.S.C. § 2255. This Court denied the petition. Now Robinson has filed a motion pursuant to Rule 60(d)(1), (2), and (3) of the Federal Rules of Civil Procedure in which he asserts the United States committed a fraud upon the court when it characterized a witness, Edward Reed, as an "informant" in its brief before the Eighth Circuit but stated Reed was not an "informant" in its response to Robinson's § 2255 petition. The government responded to the motion. For the reasons stated below, the motion is denied.

A federal prisoner may collaterally attack his conviction only by filing a petition pursuant to 28 U.S.C. § 2255. Where, as here, a petitioner has already filed a petition under § 2255, he must get authorization from the Eighth Circuit before he can filed a second or successive petition. Sometimes defendants file a second or successive petition under the guise of a motion for relief from judgment pursuant to Rule 60 in order to circumvent the requirement for authorization. In considering such motions, the Eighth Circuit has said:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the

> dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). *See also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005)(inmates may not bypass the authorization requirement for filing a second or successive section 2255 petition by purporting to invoke some other procedure). Courts routinely apply the same analysis to Rule 60(d) motions. *See Gutierrez v. United States*, 2013 WL 3380313, *2 (D. Minn. July 8, 2013). A Rule 60 motion is a second or successive habeas petition when it "seeks to add a new ground for relief" or it "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Here, Robinson is reasserting a claim he made in his § 2255 petition: that the government failed to disclose information about the arrest record of and payment to Reed. That claim has been adjudicated and, therefore, the Court finds the motion before the Court is an unauthorized second or successive petition.

Rule 60 (b) allows a party to seek relief from a court's final judgment and attempt to reopen a civil case in limited circumstances. *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). If a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," courts do not treat the Rule 60 motion as a successive petition. *Gonzalez*, 545 U.S. at 532-33.

Even if the Court concluded Robinson's is not a successive petition but a legitimate Rule 60 motion, there is no evidence establishing fraud on the court. While Robinson believes Reed was a paid informant and the government withheld that fact from him and misled the court, the

testimony belies his opinion. The evidence is clear that Reed, who worked as a security guard at a nightclub and thus was known by law enforcement, observed a gun in Robinson's possession and so informed an officer who was working off-duty at the same nightclub. On appeal, in response to Robinson's argument that there was insufficient evidence to stop and search him, the government described Reed as a informant in that he witnessed and provided information about what he saw to the off-duty police officer. When Robinson asserted in his § 2255 petition that his attorney was ineffective for failing to subpoena information about the arrest record and payments received by Reed and his status as a paid informant, the government advised that Reed was not paid for the information he provided and had no cooperation agreement with the United States.

"To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). *See also Gutierrez*, 2013 WL 3380313 at *3; *Box v. Kemna*, 2013 WL 3286403 (E.D.Mo. June 28, 2013)("Only most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court")(citations and quotation omitted). Robinson has presented no evidence that the government prevented him from fully and fairly presenting his case.

IT IS THEREFORE ORDERED that Robinson's motion for relief under Rule 60 [ECF No. 74] is denied.

DATED this 26th day of November, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE